UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                Docket No.:

        Plaintiff,

-against-

ACE AMERICAN INSURANCE COMPANY,

        Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE") alleges upon information and belief as follows:

### Nature of the Action

1. Travelers is providing a defense to TDX Construction Corp. ("TDX") in a lawsuit entitled *Dominic Zeccola, et al. v. Leon D. DeMatteis Construction Corporation, et al.*, in the Supreme Court of the State of New York for the County of New York which was assigned Index No. 154682/2021 (the "Underlying Action").

2. In this action, Travelers seeks a declaration that Chubb is obligated to defend and to indemnify TDX in the Underlying Action, as an additional insured under a policy of insurance issued by ACE, on a primary and non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of TDX in said action.

### Parties

3. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed

and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4.      Upon information and belief, at all times relevant hereto, ACE was and is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6.      In the Underlying Action, Dominick Zeccola (the "Claimant") seeks recovery for alleged personal injuries including but not limited to a left shoulder recurrent massive rotator cuff tear requiring arthroscopy, debridement, removal of foreign bodies and superior capsular reconstruction performed on September 18, 2019, severe pain in the left elbow requiring injections, an extensive course of physical therapy for the left shoulder and left elbow injuries, scarring to the injury/operative site and a development of traumatic arthritis. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

8.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant ACE.

9.      Plaintiff Travelers has no adequate remedy at law.

## Policies

10.     Defendant ACE issued to Safway Atlantic, LLC ("Safway") a policy of Commercial General Liability insurance bearing policy number G27870922 with effective dates

of 9/30/17 to 9/30/18 (the "ACE Policy").

11.     Subject to certain terms, conditions, and exclusions, the ACE Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12.     The ACE Policy contains an ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION endorsement (CG 20 26 04 13) which provides, in relevant part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

| |
|---|
| **Name Of Additional Insured Person(s) or Organization(s):** Any person or organization whom you have agreed to include as an additional insured in a written contract, agreement or permit executed prior to the loss. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

**1.** In the performance of your ongoing operations; or
**2.** In connection with your premises owned by or rented to you.

However:

**1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and
**2.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

13. The ACE Policy provides additional insured coverage to TDX on a primary and non-contributory basis.

14. Travelers issued to TDX a policy of Commercial General Liability insurance bearing policy number DT-CO-824C8404-TIA-18 with effective dates of 2/1/18 to 2/1/19 (the "Travelers Policy").

15. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

## Background Facts

17. Dormitory Authority of the State of New York ("DASNY") contracted with TDX to serve as the Construction Manager on a project at South Beach Psychiatric Center, 777 Seaview Avenue, Staten Island, New York (the "Project").

18. By way of subcontract dated July 20, 2017, TDX hired Safway to provide and maintain a hoist/pulley system for the Project.

19. Pursuant to the terms of the subcontract, Safway agreed to maintain commercial general liability insurance naming TDX as an additional insured on a primary and non-contributory basis.

20. In the Underlying Action, the Claimant alleges that, on May 23, 2018, he was using a hoist when a pulley detached from the top of the hoist, fell, and struck him on his left shoulder and arm.

21. In the Underlying Action, the Claimant asserts direct causes of action against TDX and Safway seeking to recover for his injuries based on theories of negligence.

22. Travelers is defending TDX in connection with the Underlying Action.

23. In the Underlying Action, the Claimant seeks to impose liability on TDX for alleged bodily injury which arose out of the acts or omissions of Safway or those acting on Safway's behalf.

### Tenders to ACE

24. By letter correspondence dated March 7, 2023, Travelers tendered the defense and indemnity of TDX to ACE.

25. To date, ACE has failed and refused to accept the defense and indemnity of TDX in connection with the Underlying Action.

26. Accordingly, Travelers seeks a declaration that ACE has an obligation to defend and indemnify TDX as an additional insured; that the coverage provided by the ACE Policy is primary; and that Travelers' obligation to TDX in the Underlying Action is excess to proper exhaustion and full payment of the limits of the ACE Policy.

27. In addition, Travelers seeks an award at law and equity against ACE for recovery of all sums Travelers has incurred and continues to incur in the defense of TDX in the Underlying Action because the coverage provided by the ACE Policy is primary to any coverage provided by Travelers.

### Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the ACE Policy was in full force and effect on the date of the alleged

accident.

2. Declaring that all terms and conditions of the ACE Policy have been complied with and met.

3. Declaring that the alleged accident and the Underlying Action falls within the coverage afforded by the ACE Policy.

4. Declaring that ACE owes a duty to defend TDX in connection with the Underlying Action.

5. Declaring that ACE owes a duty to indemnify TDX in connection with the Underlying action.

6. Declaring that ACE's coverage obligation to TDX in connection with the Underlying Action is primary.

7. Declaring that Plaintiff Travelers' coverage obligation under the Travelers Policy is excess to those of ACE with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant ACE with respect to ACE's duty to defend and indemnify TDX in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant ACE for all sums Travelers has paid in defending TDX as to the Underlying Action.

10. Granting such other and further relief as the Court may deem just and proper.


Dated: Hartford, Connecticut
July 16, 2024

USERY & ASSOCIATES

By: */s/ Logan A. Carducci*
Logan A. Carducci, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company of America*
Direct: 917.778.6680
Fax: 844.571.3789
Email: lcarducc@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017